

Brett M. Weaver
Direct Dial: (619) 230-1731
brettw@johnsonandweaver.com

August 23, 2013

<u>**VIA E-FILE**</u>

Clerk of the Court
United States Court of Appeals for the Ninth Circuit
Post Office Box 193939
San Francisco, California 94119-3939

    Re:    *Tourgeman v. Collins, et al.*,
            9th Cir. Case No. 12-56783
            **Oral Argument not yet scheduled**

To the Clerk of the Court:

    Appellee Nelson & Kennard's recent 559-word letter violates the 350-word limit in F.R.A.P. 28(j) and Circuit Rule 28-6. The Court therefore should strike Nelson & Kennard's improper letter. *CRST Van Expedited, Inc. v. Werner Enters., Inc.*, 479 F.3d 1099, 1104, n. 4 (9th Cir. 2007).

    Even if the Court considers Nelson & Kennard's letter, the case it cites, *Goodrick v. Cavalry Portfolio Services, Inc*, 2013 WL 4419321 (D. Az. Aug. 19, 2013) does not support Nelson & Kennard's position. Instead, it demonstrates the stark difference between a trivial omission that misleads nobody and the serious misrepresentation involved in this case.

    In *Goodrick*, a debt collector sent the consumer two letters. The first, sent in February 2012, stated the consumer owed $8,397.41. The second letter, sent months later, stated he owed $8,608.27. The consumer sued claiming the February letter violated the FDCPA by failing to disclose that interest would continue to accrue the longer the debt went unpaid. *Id.* at *1. The district court granted summary judgment to the debt collector.

    According to the court, the consumer knew the original creditor was charging interest during the nine years the loan went unpaid. *Id.* at *3. The consumer's belief the debt collector

would stop charging interest was a "highly unusual" assumption the debt collector had no obligation to disabuse him of. *Id.* at *4.

Here, Tourgeman financed his Dell computer through a written loan agreement with CIT. Years later, Paragon Way sent him a letter regarding "Dell Computer Corporatio" [sic]. ER 151. The letter falsely claimed AIB originated his loan and listed an account number different than the one that was on his loan agreement. It sent him another letter that likewise identified the wrong original creditor and account number. ER 152. None of the subsequent letters sent by Paragon Way or Nelson & Kennard ever identified the correct original creditor or account number. ER 153, 155-159. Far from being a highly unusual assumption, the least-sophisticated consumer would reasonably assume debt collectors he has never heard of were trying to collect on the wrong account.

Sincerely,

Brett M. Weaver, Esq.

for JOHNSON & WEAVER, LLP

Word Count: 343 words
Enclosure

cc: Proof of Service

U.S. Court of Appeals for the Ninth Circuit
August 23, 2013
Page 3

# CERTIFICATE OF SERVICE
Ninth Circuit No. 12-56783

## FRAP 28(j) LETTER

I hereby certify that on August 23, 2013 I electronically filed the foregoing document with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system. I certify that all participants in the case registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

                                                                               /s/ Brett Weaver
                                                                               BRETT WEAVER